

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| BERTHA GRIFFIN, § | | |
| Plaintiff, § | | |
| § | | |
| vs. § | | CIVIL ACTION NO. 3:24-3125-MGL |
| § | | |
| MARTIN HARTER, RICHARD WHITE, § | | |
| SHAUNA HASTINGS, DOMINIC NZARA, § | | |
| MINNESOTA TRANSPORTATION § | | |
| MUSEUM, and WAYNE MERCHANT, § | | |
| Defendants. § | | |

### ORDER ADOPTING THE REPORT AND RECOMMENDATION
### AND DISMISSING THE ACTION WITHOUT PREJUDICE
### AND WITHOUT ISSUANCE AND SERVICE OF PROCESS

Plaintiff Bertha Griffin (Griffin) filed this action against Defendants Martin Harter, Richard White, Shauna Hastings, Dominic Nzara, Minnesota Transportation Museum, and Wayne Merchant. She alleges identity theft and fraud. Griffin is representing herself.

The matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge suggesting to the Court this case be dismissed without prejudice and without issuance and service of process. The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the report to which specific objection is made, and the Court may

accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on July 19, 2024, and Griffin filed her objections on August 14, 2024. The Court has carefully reviewed the objections, along with her ten pages of attachments, but holds them to be without merit. It will therefore enter judgment accordingly.

In Griffin's objections, for the most part, she makes identity theft claims. But, as the Magistrate Judge stated in the Report, "identity theft . . . is a crime under 18 U.S.C. § 1028, not a civil cause of action for which she can recover damages." Report at 3 (internal quotation marks omitted). Thus, the Court will overrule Griffin's identity theft objections.

Although Griffin also mentions fraud in her objections, she fails even to allege its essential elements:

> (1) a representation; (2) its falsity; (3) its materiality; (4) either knowledge of its falsity or reckless disregard of its truth or falsity; (5) intent that the representation be acted upon; (6) the hearer's ignorance of its falsity; (7) the hearer's reliance on its truth; (8) the hearer's right to rely thereon; and (9) the hearer's consequent and proximate injury.

*Regions Bank v. Schmauch*, 582 S.E.2d 432, 444–45 (S.C Ct. App. 2003). Accordingly, the Court will also overrule Griffin's objections claiming fraud.

After a thorough review of the Report and the record in this case pursuant to the standard set forth above, the Court overrules Griffin's objections, adopts the Report, and incorporates it herein. It is therefore the judgment of the Court this case is **DISMISSED WITHOUT PREJUDICE** and without issuance and service of process.

**IT IS SO ORDERED**.

Signed this 29th day of May, 2025, in Columbia, South Carolina.

/s/ Mary Geiger Lewis
MARY GEIGER LEWIS
UNITED STATES DISTRICT JUDGE

*****

**NOTICE OF RIGHT TO APPEAL**

Griffin is hereby notified of the right to appeal this Order within thirty days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.